UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| HERBERT COFER,<br><br>   Plaintiff,<br><br>  v.<br><br>PARKER-HANNIFIN CORPORATION; DAVID CONLON, an individual; KIM MELTON, an individual; FRANK DUBEY, an individual; and DOES 1 through 50, inclusive,<br><br>   Defendants. | Case No.: SACV 16-00596-CJC(AFMx)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS AND DENYING PLAINTIFF'S MOTION TO REMAND** |

## I. INTRODUCTION

  Plaintiff Herbert Cofer brought this action against his former employer, Parker-Hannifin Corporation (Parker), and three Parker employees: David Conlon, Kim Melton,

and Frank Dubey. Mr. Cofer filed his complaint in Orange County Superior Court in February 2016 and Parker removed the action to federal court based on diversity jurisdiction. (Dkt. 1.) Mr. Cofer is asserting a harassment claim against all defendants. He is asserting claims for race discrimination, age discrimination, failure to take reasonable steps to prevent discrimination and harassment, retaliation, and wrongful discharge against Parker only. All claims have been brought under California state law. Defendants have moved to dismiss all claims, (Dkt. 11), and Mr. Cofer has filed a motion to remand the action to state court for lack of diversity jurisdiction. (Dkt. 14.)

For the reasons stated below, the Court GRANTS IN PART AND DENIES IN PART Defendants' motion to dismiss, and DISMISSES Mr. Cofer's claims for harassment, age discrimination, failure to prevent harassment and age discrimination, retaliation, and wrongful discharge in violation of public policy. The Court DENIES Defendants' motion to dismiss Mr. Cofer's race discrimination claim and his claim for failure to prevent race discrimination. The Court hereby grants Mr. Cofer LEAVE TO AMEND his complaint. His amended complaint must be filed by **Friday, May 27, 2016.**[1]

Mr. Cofer's motion to remand relies on the argument that defendants Conlon, Melton, and Dubey defeat diversity. Because the sole claim against them is dismissed for failure to state a claim, the Court cannot consider their citizenship when determining its jurisdiction. *See McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). The Court therefore DENIES WITHOUT PREJUDICE Mr. Cofer's motion to remand. Should Mr. Cofer file an amended complaint that states a viable claim against a

---

[1] Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing. *See* Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing set for May 9, 2016 at 1:30 p.m. is hereby vacated and off calendar.

California resident defendant, Mr. Cofer can renew his motion to remand this case for lack of subject matter jurisdiction.

## II. BACKGROUND

In 1990, Parker hired Mr. Cofer, a Black man, as a Senior Contract Administrator, and Mr. Cofer was promoted many times until he eventually became Staff Program Administrative Manager in 2010. (Compl. ¶¶ 12, 14.) In March or April of 2012, Mr. Cofer applied for the position of Director of Program Management. (*Id*. ¶ 14.) Though Mr. Cofer had over 32 years' experience in the aerospace industry and had worked at Parker for over 20 years, he was not "given a serious interview" for the position. (*Id.*) In October 2012, defendant David Conlon was hired for the Director of Program Management position and became Mr. Cofer's supervisor. (*Id*. ¶ 14.) Another Parker employee, defendant Kim Melton, did not interview Mr. Cofer for several positions to which he applied, and refused to evaluate his qualifications for promotions. (*Id*. ¶ 14.)

Mr. Cofer filed an EEOC charge against Parker, alleging race discrimination, in November 2013.[2] (Compl. ¶ 15.) He asserts that he applied for advancement within the company and was falsely told that he was not qualified, and that the people who were ultimately hired to the positions he sought were White. (*Id*. ¶ 15.)

In November 2013, Mr. Cofer was denied training on a new software tool and was not allowed to attend program reviews, program meetings, and meetings with upper management, even though one of his direct subordinates was included in the meetings. (Compl. ¶ 16.) He asserts that his denial of training and exclusion from the meetings was

---

[2] The Complaint alleges the date as November 2012, but Mr. Cofer acknowledges this was in error. (Pl.'s Opp'n Br. at 3.)

in retaliation for the filing of his EEOC charge.  (*Id.* ¶ 17.)  He remained employed, but was not given a performance review he was due on July 21, 2015.  (*Id.* ¶ 17.)

Mr. Cofer's complaint alleges that in addition to being passed up for promotions and denied the opportunity to interview, defendants David Conlon, Kim Melton, and Frank Dubey denied him training and planned to terminate him without ever initiating an investigation into his claims.  (Compl. ¶ 18.)  Parker terminated Mr. Cofer and three other employees age 55 and over in August 2015.  (*Id.* ¶ 19.)  In Mr. Cofer's separation meeting, the HR representative, Gloria Rodriguez, repeatedly laughed during the process of ending Mr. Cofer's 25-year career.  (*Id.* ¶ 21.)  Mr. Cofer alleges that the Defendants' conduct continues to cause him extreme emotional distress.  (*Id.* ¶ 21.)

## III.  LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint.  The issue on a motion to dismiss for failure to state a claim is not whether the claimant will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims asserted.  *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997).  Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires only a short and plain statement of the claim showing that the pleader is entitled to relief.  Fed. R. Civ. P. 8(a)(2).  When evaluating a Rule 12(b)(6) motion, the district court must accept all material allegations in the complaint as true and construe them in the light most favorable to the non-moving party.  *Moyo v. Gomez*, 32 F.3d 1382, 1384 (9th Cir. 1994).  The district court may also consider additional facts in materials that the district court may take judicial notice, *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994), as well as "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the

pleading," *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled in part on other grounds by Galbraith v. Cty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).

However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (stating that while a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, courts "are not bound to accept as true a legal conclusion couched as a factual allegation" (citations and quotes omitted)). Dismissal of a complaint for failure to state a claim is not proper where a plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. In keeping with this liberal pleading standard, the district court should grant the plaintiff leave to amend if the complaint can possibly be cured by additional factual allegations. *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995).

**IV. ANALYSIS**

    **A. The First Claim: Harassment**

Under California's Fair Employment and Housing Act (FEHA), harassment in the workplace consists of "discriminatory intimidation, ridicule, and insult" that is "sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Kelly-Zurian v. Wohl Shoe Co.*, 22 Cal. App. 4th 397, 409 (1994) (quoting *Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 21 (1993)). Harassing conduct takes place "outside the scope of necessary job performance," and is "presumably engaged in for personal gratification, because of meanness or bigotry, or for other personal motives." *Reno v. Baird*, 18 Cal. 4th 640, 646 (1998). "Thus, harassment focuses on situations in which the social environment of the workplace becomes

intolerable because the harassment (whether verbal, physical, or visual) communicates an offensive message to the harassed employee." *Roby v. McKesson Corp.*, 47 Cal. 4th 686, 707 (2009). Personnel-related decisions involving discipline, performance evaluations, compensation, or job assignments do not inherently constitute unlawful harassment. *Id.* at 646-47. This is because personnel-related decisions are a normal part of an employment relationship that cannot be avoided. *Id.* In contrast, conduct that constitutes harassment is avoidable because it is not a necessary part of the employment relationship. *Id.* As the California Supreme Court explained:

> Making a personnel decision is conduct of a type fundamentally different from the type of conduct that constitutes harassment. Harassment claims are based on a type of conduct that is avoidable and unnecessary to job performance. No supervisory employee needs to use slurs or derogatory drawings, to physically interfere with freedom of movement, to engage in unwanted sexual advances, etc., in order to carry out legitimate objectives of personnel management . . . . We conclude, therefore, that the Legislature intended that commonly necessary personnel management actions such as hiring and firing, job or project assignments, office or work station assignments, promotion or demotion, performance evaluations, the provision of support, the assignment or nonassignment of supervisory functions, deciding who will and who will not attend meetings, deciding who will be laid off, and the like, do not come within the meaning of harassment. These actions are of a type necessary to carry out the duties of business and personnel management.

*Id.* at 646-47.

An employee may pursue a claim for discrimination against his employer solely based on such personnel-management-related conduct, but cannot pursue a claim for harassment:

> These actions [including project assignments, promotion or demotion, performance evaluations, or compensation decisions] may retrospectively be found discriminatory if based on improper motives, but in that event the

> remedies provided by the FEHA are those for discrimination, not harassment. Harassment, by contrast, consists of actions outside the scope of job duties which are not of a type necessary to business and personnel management.

*Id.* at 647 (quoting *Janken v. GM Hughes Elecs.*, 46 Cal. App. 4th 55, 63-65 (1996)).

Mr. Cofer asserts that he was harassed on account of his age, race, color, ancestry, and national origin. (Compl. ¶¶ 12-34.) To support his claim, Mr. Cofer asserts that Defendants Conlon, Melton, and Dubey were all involved in the following "personnel decisions": (1) refusing to interview Mr. Cofer for promotions or other positions for which he applied; (2) precluding him from taking further training; (3) refusing to evaluate his qualifications for promotions; (4) excluding him from program meetings and meetings with upper management; (5) terminating him; and (6) giving White employees promotions and the position for which Mr. Cofer applied despite Mr. Cofer's qualifications for the job. (Dkt. 18, Pl.'s Opp'n Br. at 7; Compl. ¶¶ 12-19.) The California Supreme Court in *Reno* held that these types of allegations did not amount to actionable harassment because the plaintiff had simply alleged routine personnel-related conduct. *Reno*, 18 Cal. 4th at 646-47.

Citing the California Supreme Court's later decision in *Roby v. McKesson*, 47 Cal. 4th 686, 707-08 (2009), Mr. Cofer argues that personnel management decisions can support a harassment claim. *Roby* acknowledged the distinction between harassment and discrimination that *Reno* had expressed, concluding that "discrimination refers to bias in the exercise of official actions on behalf of the employer, and harassment refers to bias that is expressed or communicated through interpersonal relations in the workplace." *Roby,* 47 Cal 4th at 706-07. The California Supreme Court ultimately held, though, that the Court of Appeal had erred by determining that evidence concerning personnel-related decisions made with respect to the plaintiff provided evidence only of the discrimination

claim and not the harassment claim. *Id.* at 709-10. The California Supreme Court noted that "harassment is generally concerned with the *message* conveyed to an employee, and therefore with the social environment of the workplace," but that in some cases "official employment actions done in furtherance of a supervisor's managerial role can also have a secondary effect of communicating a hostile message." *Id.* at 709 (citing *Miller v. Dept. of Corrections*, 36 Cal. 4th 446, 460-66 (2005)).

*Miller* concerned a situation in which the California Supreme Court found that the plaintiffs had stated a prima facie case of harassment by alleging that promotions and favorable job assignments were given to female employees involved in sexual relationships with a particular male supervisor. *Roby*, 47 Cal. 4th at 708. Though the plaintiffs were not subject to any demands for sexual favors, they had stated a harassment claim because "widespread sexual favoritism could convey a 'demeaning message . . . to female employees that they are viewed by management as "sexual playthings" or that the way required for women to get ahead in the workplace is to engage in sexual conduct with their supervisors or the management.'" *Id.* (quoting *Miller*, 36 Cal. 4th at 451).

In *Roby* itself, the Court held that the jury was permitted to infer based on evidence of discrimination towards the plaintiff that hostile comments a supervisor made to the plaintiff were based on the plaintiff's disability rather than the supervisor's general rudeness. *Roby*, 47 Cal. 4th at 710. These direct comments included negative comments about the plaintiff's body odor, calling the plaintiff "disgusting" based on sores on her arms related to her disability, openly ostracizing the plaintiff in the office, making facial expressions of disapproval when the plaintiff took rest breaks necessitated by her disability, and other similar acts. *Id.* at 711.

In contrast, Mr. Cofer has not alleged facts demonstrating "widespread" favoritism or other improper action on Defendants' part that sent a demeaning message to him and

other employees as in *Miller*.  Nor has Mr. Cofer alleged that the personnel-related decisions at issue in this case involved any hostile comments made directly to him, as in *Roby*.  Unlike *Roby*, Mr. Cofer's allegations solely concern his failure to be promoted, promotion of others as opposed to him, failure to be included in meetings and trainings, and ultimate termination.  These decisions are entirely personnel-related and fit neatly within the discrimination framework.  There is no indication that these personnel decisions were made for personal gratification or were interfering with the social environment of the workplace.  When applying *Roby*, Mr. Cofer's briefing simply does not address the repeated hostile conduct the supervisor directed at the *Roby* plaintiff directly, outside of the personnel decisions.  Absent such conduct here, or some other reason to conclude that the classic personnel-related allegations alleged here made the social environment of the workplace intolerable, Mr. Cofer has not stated a claim for workplace harassment.

### B. The Second Claim: Discrimination Based on Race, and the Third Claim, Age Discrimination

In the employment discrimination context, a plaintiff need not plead a *prima facie* case to survive a motion to dismiss pursuant to FRCP 12(b)(6).  *See Johnson v. City of Shelby, Miss.,* 135 S. Ct. 346, 347 (2014) (quoting *Swierkiewicz v. Sorema N. A.,* 534 U.S. 506, 512 (2002) ("imposing a 'heightened pleading standard in employment discrimination cases conflicts with [FRCP] 8(a)(2)'")).  Nonetheless, a complaint must plead enough facts to state a claim for relief that is plausible on its face.  *Levitt v. Yelp! Inc.,* 765 F.3d 1123, 1135 (9th Cir. 2014).  The FEHA provides that "[i]t shall be an unlawful employment practice . . . [f]or an employer, because of the race, . . . color, national origin, ancestry . . . [or] age . . . of any person . . . to discharge the person from employment."  Cal. Gov. Code § 12940.  The illegitimate criterion must be a "substantial

motivating factor" in the employment decision. *Harris v. City of Santa Monica*, 56 Cal. 4th 203, 232 (2013).

Here, Mr. Cofer has alleged that he was a Black employee who was qualified for promotions and other positions, but was not seriously considered, and that management refused to interview him and instead filled those positions with White employees. (Compl. ¶¶ 13-16.) Mr. Cofer also alleges that he was also discriminated against because he was not given training to advance and was not allowed to attend important meetings even though one of his direct subordinates was allowed to do so. (*Id.*) These facts allege a plausible claim of race discrimination.

With respect to his age discrimination claim, Mr. Cofer asserts only that he and three other employees over age 55 were discharged at the same time. (Compl. ¶¶ 12-21.) No facts indicate the circumstances of the termination, whether younger employees were hired for the positions, or anything other than the ages of the terminated employees. This fact alone is not sufficient to state a plausible age discrimination claim.

**C. The Fourth Claim: Failure to Prevent Harassment and Discrimination**

There can be no claim for failure to prevent discrimination or harassment under the FEHA unless the plaintiff first establishes a valid underlying claim for discrimination or harassment. *Dickson v. Burke Williams, Inc.*, 234 Cal. App. 4th 1307, 1314 (2015). Here, Mr. Cofer's claims for harassment and age discrimination have been dismissed. Accordingly, his failure to prevent age discrimination or harassment claim must be dismissed for lack of a valid underlying claim.[3]

---

[3] Because Mr. Cofer has stated a valid claim for race discrimination, his claim for failure to prevent race discrimination survives Parker's motion to dismiss.

### D. The Fifth and Sixth Claims: Retaliation for the Filing of the EEOC Complaint

Mr. Cofer brings retaliation claims both under the FEHA and under California Labor Code § 1102.5.  To assert a claim for retaliation under either the FEHA or § 1102.5, a plaintiff must plead the following elements: (1) that he engaged in a protected activity, (2) that he was subjected to an adverse employment action, and (3) that there was a causal link between the protected activity and the adverse action.  *Jadwin v. Cty. of Kern*, 610 F. Supp. 2d 1129, 1185 (E.D. Cal. 2009); *Mokler v. Cty. of Orange*, 157 Cal. App. 4th 121, 138 (2007).  Mr. Cofer's filing of the EEOC complaint is protected activity.  And Mr. Cofer's termination is clearly an adverse employment action, but because he was not terminated for three years after he filed his EEOC complaint, he has not allege sufficient facts to establish causation.  *See Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1065 (9th Cir. 2002) ("A nearly 18-month lapse between protected activity and an adverse employment action is simply too long, by itself, to give rise to an inference of causation.").

Mr. Cofer's briefing indicates the retaliation against him also included not being given "a chance to interview for positions for which he applied," among other things, including several allegations concerning the processing of his EEOC matter that are not in his operative complaint. (Pl.'s Opp'n at 14.)  Mr. Cofer's complaint clearly pleads the one instance of failing to be promoted that spurred the filing of his EEOC complaint in the first place, but provides no information about the timing or particulars of subsequent attempts he made to obtain a promotion.  It is therefore impossible to assess whether Mr. Cofer can allege a plausible causal link between those instances and his EEOC complaint.  Mr. Cofer has indicated in his briefing that he can plead additional facts to demonstrate this claim.  His retaliation claims are dismissed with leave to amend, so he has another opportunity to sufficiently allege them.

### E. The Seventh Claim: Wrongful Discharge in Violation of Public Policy

Mr. Cofer's common law wrongful discharge claim is based on the same facts as his harassment, discrimination, and retaliation claims, and primarily relies on the allegation that his discharge was in retaliation for the filing of his EEOC complaint. (Pl.'s Opp'n Br. at 14-15.) As such, it too will be dismissed to give him an opportunity to amend.

## V. CONCLUSION

The Court GRANTS IN PART and DENIES IN PART Defendants' motion to dismiss and gives Mr. Cofer LEAVE TO AMEND his complaint. Should he wish to do so, he is instructed to file an amended complaint by **Friday, May 27, 2016.** The Court DENIES WITHOUT PREJUDICE Mr. Cofer's motion to remand.

DATED: May 6, 2015

CORMAC J. CARNEY

UNITED STATES DISTRICT JUDGE